UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SEPHORA K. DAVIS,

                            Petitioner,

                -vs-                              DECISION AND ORDER

ANDREA W. EVANS and BRIAN FISCHER,                              12-CV-6135-CJS

                            Respondents

_____

**Siragusa, J.** Petitioner Sephora K. Davis, "an individual on post-release supervision in the general population with restrictions on her liberty," Petition at 1, Mar. 16, 2012, ECF No. 1, seeks relief pursuant to 28 U.S.C. § 2254, alleging that her conviction in Livingston County Court, Seventh Judicial District, State of New York, by way of a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970)*,* was unconstitutionally obtained, as set forth more precisely in the petition. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the petition and determined that it does not plainly appear that Petitioner is not entitled to relief. However, the Court notes below its concerns with regard to the limitations period and mootness, which it invites counsel to address in response to the Court's Order, also below.

In May 2006, Petitioner's counsel, John M. Regan Jr., Esq., commenced a proceeding under New York Civil Procedure Law and Rules Article 78 seeking a writ of prohibition from the New York State Supreme Court, Appellate Division, Fourth Department, prohibiting the County Court and District Attorney from proceeding with the underlying criminal action. Mr. Regan, who had represented Petitioner on the criminal action, withdrew from his representation of her in criminal court, but continued his representation in the Appellate Division on the Article 78 proceeding. On December 22, 2006, the Appellate Division issued a decision

denying Mr. Regan's application. *In re: Davis v. Kohout*, 35 A.D.3d 1173 (N.Y. App. Div. 4th Dep't 2006). The Appellate Division held that,

> [i]t is uncontroverted that petitioner, represented by a different attorney, has entered an *Alford* plea in satisfaction of the indictment. In view of petitioner's guilty plea, this petition must be dismissed as moot. Petitioner chose not to litigate the issue of her guilt in the underlying action and thus the allegations in her petition are academic.

*Id*. at 1173–74. Mr. Regan then sought leave from the New York Court of Appeals, which dismissed Petitioner's appeal in a decision dated March 27, 2007, on that Court's own motion, "upon the ground that the issues presented have become moot." *Davis v. Kohout*, 8 N.Y.3d 903 (2007). The United States Supreme Court denied certiorari in a decision dated October 1, 2007. *Davis v. Kohout*, 552 U.S. 826 (2007). Subsequently, Mr. Regan applied directly to the Supreme Court for a writ of habeas corpus, which that Court denied in a decision entered on June 1, 2010.[1] *In re Davis*, 130 S. Ct. 3379, 176 L. Ed. 2d 1264 (2010), *pet. for rehearing den.* 131 S. Ct. 39, 177 L. Ed. 2d 1130 (2010).

According to the records of the New York State Department of Correctional and Community Supervision ("DOCCS"),[2] Ms. Davis was released from physical custody on September 18, 2009, and her post release supervision maximum expiration date was March 18, 2012.

> Section 2254, which governs the proceeding in this Court, provides that,
>
> [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

---

[1] Mr. Regan sought other relief as well, which is detailed in his brief to the United States Supreme Court. Brief, Apr. 8, 2010, ECF No. 2-1, and which the Court omits here for brevity.

[2] *See* DOCCS web site, inmate information, at http://nysdoccslookup.doccs.ny.gov using Department Identification Number 07-G-0011. The New York State Division of Parole and the former Department of Correctional Services merged in April 2011 and the resulting department is now known as DOCCS.

is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (1996). The statute also requires a petitioner to show she has exhausted the remedies available in the State courts, and sets a one year limitation period, measured from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(b)(1) and § 2244(d)(1). The statute also provides that the limitation period is tolled during the time "a properly filed application for State post-conviction or other collateral reveiw with respect to the pertinent judgment or claim is pending…." 28 U.S.C. § 2244(d)(2). As the Eastern District noted in *Rodney v. Breslin*, No. 07-CV-4519 (SLT), 2007 U.S. Dist. LEXIS 83641, 4-5 (E.D.N.Y. Nov. 8, 2007):

> The AEDPA[3] statute of limitations is not jurisdictional and may also be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (*per curiam*), *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 63 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017, 122 S. Ct. 1606, 152 L. Ed. 2d 621 (2002) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing

---

[3]Referring to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, codified in 28 U.S.C. § 2244, among other sections of the U.S. Code.

during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003), *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

*Rodney*, 2007 U.S. Dist. LEXIS 83641, 4-5.

Petitioner states that although she appealed from the judgment of conviction, she did not perfect the appeal "due to impossibility of relief." Petition ¶¶ 8–9. In an affidavit filed in support of the Petition, Mr. Regan carefully lays out the law with regard to his allegations that the prosecution"'framed'" Petitioner for a crime she did not commit. Regan Aff. ¶ 2, Mar. 19, 2012, ECF No. 2. Mr. Regan makes serious allegations against "the nation's prosecutors" contending that they routinely use fabricated evidence to coerce pleas from innocent defendants. *Id.* ¶ 14. He discusses in detail the prior Supreme Court cases raising similar issues. However, Mr. Regan's affidavit does not discuss the applicability of the limitations period in § 2244 to this case, or address the issue on which the Appellate Division decided his appeal—mootness. Therefore, it is hereby

ORDERED, that Pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents shall file an answer to the petition with the Clerk of Court (and also serve a copy upon petitioner) no later than **May 11, 2012**. The answer shall respond to the allegations of the petition and shall state, as to every ground raised by Petitioner, whether Petitioner has exhausted state remedies, including any available post-conviction remedies. **If any ground is alleged not to have been exhausted, Respondent shall identify such ground and expressly state whether it waives Petitioner's requirement to exhaust.** Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs Respondent to provide to

the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case; and it is further

ORDERED, that Respondent also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority; and it is also

ORDERED, that within thirty (30) days of the date this order is served upon the custodian of the records, the Court Clerk or any other official having custody of the records of the proceedings in the New York State Supreme Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative; and it is further

ORDERED, that if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs Respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, to the extent they are not already on file with this Court, and such documents will be filed in the official record of this case; and it is further

ORDERED, that Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law; and it is further

ORDERED, that within thirty (30) days of the date this order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary.  The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer; and it is further

ORDERED, that the Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Andrea W. Evans, Chairwoman, New York State Board of Parole, 97 Central Avenue, Albany, New York 12206, and Brian Fischer, Commissioner, New York State Department of Corrections and Community Supervision, Building 2, 1220 Washington Avenue, Albany, New York 12226-2050, and upon the Assistant Attorney General in Charge, Rochester Regional Office, 144 Exchange Boulevard, Rochester, New York 14614-2176. To advise appropriate Livingston County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Livingston County, 2 Court Street, Geneseo, New York 14454-1403.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT**.

SO ORDERED.

Dated:  April 18, 2012
        Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE