**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SEPHORA K. DAVIS,

                                 Petitioner,           DECISION and ORDER

               -vs-                                     12-CV-6135-CJS

ANDREA W. EVANS and BRIAN FISCHER,

                                 Respondents.

**INTRODUCTION**

**Siragusa, J.** Before the Court is the Respondents' amended[1] motion to dismiss Petitioner's habeas corpus petition, filed on June 6, 2012, ECF No. 10, and their Motion for an Extension of time to File Answer, June 14, 2012, ECF No. 12. Also before the Court are Petitioner's motion for a default judgment, June 1, 2012, ECF No. 8, and her motion to strike Respondents' answer. After reviewing the documents presented, the motion to dismiss is granted.

**BACKGROUND**

This case has a long and torturous history through the state and federal court systems beginning in October 2004, when Petitioner was indicted by a New York State grand jury on two counts of Kidnaping in the First Degree, one count of Robbery in the First Degree, one count of Robbery in the Second Degree, and one count of Burglary in the First Degree. Resp't Decl. in Supp. of the Mot. to Dismiss ¶ 3 ("Resp't Decl."). On October 20, 2006, Petitioner plead guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to

---

[1]Respondents first filed a motion to dismiss on May 18, 2012, ECF No. 7, and the Court, in an Order entered on June 6, 2012, ECF No. 9, sought clarification of the relief sought.

attempted First Degree robbery and was sentenced on January 3, 2007, to 3 ½ years in state prison and 2 ½ years of post-release supervision. Resp't Mem. of Law in Supp. of Mot. to Dismiss 1. Petitioner's appeal has never been perfected due to what she described as impossibility of relief. Pet. ¶ 9.

On May 17, 2006, while her indictment was still pending, Petitioner filed a petition pursuant to New York Civil Procedure Law and Rules, Article 78, in the New York Supreme Court, Appellate Division, Fourth Department ("Fourth Dept.") claiming her October 2004 indictment was based on perjured testimony and seeking a writ prohibiting the District Attorney from prosecuting her. *Id.* at ¶ 15; *Matter of Davis v. Kohout*, 35 A.D.3d 1173 (4th Dept. 2006). The Fourth Dept. dismissed her petition as moot on December 22, 2006, based on her guilty plea. *Matter of Davis*, 35 A.D.3d at 1173-74. On March 27, 2007, the New York Court of Appeals held "[o]n the Court's own motion, appeal dismissed, without costs, upon the ground that the issues presented have become moot. Motion for leave to appeal dismissed upon the ground that the issues presented have become moot." *Matter of Davis v. Kohout*, 8 N.Y.3d 903 (2007). The United States Supreme Court denied a petition for certiorai on October 1, 2007. *Davis v. Kohout*, 552 U.S. 826 (2007).

In October 2005, while her indictment was still pending, Petitioner brought a habeas corpus proceeding to this Court claiming, as she had in the State petition, that her October 2004 indictment was based on perjured testimony. Pet. ¶ 16. Sometime in March 2006, Petitioner withdrew that petition. *Id.* On February 15, 2008, John M. Regan, Jr., Esq., brought a habeas corpus petition seeking Petitioner's release. *Id.* On May 29, 2008, the Honorable David G. Larimer of this Court dismissed the petition for lack of jurisdiction as John M. Regan, Jr., the named petitioner, had not filed the action as Petitioner's "next

friend."[2] Decision and Order at 3, *Regan v. Fischer*, No. 08-CV-6071, ECF No. 6 (W.D.N.Y. May 29, 2008).

On April 22, 2009, Petitioner moved the Fourth Dept. for a "writ of error coram nobis due to a fraud having been perpetrated upon the Court," seeking a summary reversal of Petitioner's conviction, and granting an order "forever prohibiting Respondent [District Attorney] Moran, or any successors or assigns from criminally prosecuting [Petitioner] and dismissing that indictment with prejudice." Resp't Decl. ¶ 8. The Fourth Dept. denied the motion on June 5, 2009. *Davis v. Kohout*, 63 A.D.3d 1670, 2009 WL 1575529 (4th Dep't. June 5, 2009). On October 2, 2009, the Fourth Dept. dismissed the motion for reargument, clarification or leave to appeal to the Court of Appeals. *Davis v. Kohout*, 66 A.D.3d 1498 (4th Dep't. Oct. 2, 2009).

On December 17, 2009, Petitioner moved the Fourth Dept. to vacate its December 22, 2006, decision to dismiss the Article 78 proceeding. Resp't Decl. ¶ 9. The Fourth Dept. denied that motion on January 21, 2010. *Id.*

---

[2] Judge Larimer held that for the Court to have jurisdiction over this petition for a writ of habeas corpus, Regan, "purporting to be, in legal parlance, petitioner [Davis]'s 'next friend,' must establish that [he] is legally that, and therefore that [he] has standing to bring petition on [her] behalf." The Second Circuit explained next friend standing in *Padilla v. Rumsfeld*, 352 F.3d 695 (2d Cir. 2003) stating "[n]ext friend standing is authorized by 28 U.S.C. § 2242 (2000), which declares that a habeas corpus petition may be brought "by the person for whose relief it is intended or by someone acting in his behalf." However, in order to bring a petition as "next friend" there are two requirements: (1) there must be adequate explanation (inaccessibility, mental incompetence, or other disability) for why the real party cannot bring the petition themself, and (2) the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and has a significant relationship with the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Judge Larimer continued to state that because Regan failed to show good reason for why he had to file the petition as the next friend for Davis, as opposed to having Davis file it for herself, the Court had no jurisdiction to consider the petition.

Petitioner filed the pending § 2254 petition on March 16, 2012. Pet. ¶ 27. In her petition, she contends that her indictment and conviction were obtained through perjured testimony and violated her right to due process. Resp't Decl. ¶ 12.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states, in pertinent part, as follows:

> A one (1) year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1)(A-D) (1996). The Supreme Court further clarified AEDPA limitations periods in *Gonzalez v. Thaler*, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012) by holding that:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the

time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez*, 132 S. Ct. at 653–54.

In this case, Petitioner falls within the "all other petitioners" category since she never perfected her appeal in state court and the one year period of limitations began at the expiration of the time for seeking such review. In this regard, Petitioner filed a notice of appeal on January 23, 2007, but never perfected that appeal. *See* Pet. ¶ 9. Petitioner would at that time have had sixty days to perfect the appeal for it to be timely. N.Y. Comp. Codes R. & Regs. tit. 22, § 1000.2(b) (2003). As Petitioner never did perfect the appeal, the time to seek review expired sixty days after January 23, 2007, or on March 24, 2007, starting the one year AEDPA statute of limitation clock as of that date. The AEDPA clock then expired on March 25, 20*08*. This petition, however, was not filed until March 16, 20*12*, a difference of three years, eleven months and three weeks (1,453 days).

The Supreme Court has ruled that AEDPA's one-year limitation period may be equitably tolled. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) ("habeas petitioner has the burden of demonstrating his entitlement to equitable tolling by showing: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way'"). The Second Circuit has stated that a habeas petitioner "must establish that...he 'acted with reasonable diligence throughout the period he seeks to toll.'" *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Additionally, "the Second Circuit has identified only a limited number of circumstances that qualify as "extraordinary" so as to merit equitable tolling, such as "'where an attorney's conduct is so outrageous and

incompetent that it is truly extraordinary.'" *Mason v. Pool*, 554 F. Supp. 2d 391, 397 (W.D.N.Y. 2008) (quoting *Doe v. Menefee*, 391 F.3d at 159). In *Balagula v. United States*, the district court held that by waiting from 1994 till 1998 to request files, the petitioner there did not show due diligence. *Balagula v. United States*, 73 F.Supp.2d 287, 290 (E.D.N.Y. 1999) ("To hold that the statute of limitations should be extended in this case would allow the statute to be extended indefinitely"). Given the two year period from January 21, 2010, to March 16, 2012, in which Petitioner had no pending state or federal applications, the Court finds that Petitioner was not diligently pursuing her rights. Further, Petitioner has shown no extraordinary circumstances to justify equitable tolling. The Court also finds that this is not a situation in which Petitioner has asserted newly discovered evidence.[3] Consequently, the Court is dismissing the petition as time-barred. Therefore, the Court need not consider Respondents' second argument supporting dismissal.[4]

---

[3] *See* 28 U.S.C. § 2244(d)(1)(D); *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000) ("Relevant factors to a successful motion [for new trial based on newly discovered evidence] are whether (1) counsel could not have discovered the evidence with due diligence before or during trial; (2) the evidence demonstrates that a witness in fact committed perjury; (3) the new evidence is material; and (4) the new evidence is not cumulative.") (citing *United States v. White*, 972 F.2d 16, 20-21 (2d Cir.1992)).

[4] The Court acknowledges the reception of Petitioner's supplemental memorandum filed on July 3, 2012, and Notice of Motion filed on July 6, 2012. As mentioned above, this case is being dismissed due to being time-barred so the memorandum and notice of motion do not affect the Court's reasoning. Likewise, Petitioner's Responding Declaration, filed on August 6, 2012, ECF No. 23, does not bear on the issue of limitations under ADEPA.

**CONCLUSION**

For the reasons stated above, Respondents' motion to dismiss, June 6, 2012, ECF No. 10, is granted. Consequently, the remaining motions are denied as moot.[5]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order and subsequent Judgment would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated:   August 15, 2012
            Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[5]Had the Court not granted Respondents' motion to dismiss, it would have considered Petitioner's cross-motion to strike and for entry of a default judgment, as well as Respondents' motion for an extension of time to file a late answer.